IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JAMES LEE, Individually and On Behalf of All Others Similarly Situated, | § § § § § § § § § § § § § § | |
| Plaintiff, | | C.A. No. _____ |
| v. | | |
| VEOLIA ES INDUSTRIAL SERVICES, INC., | | JURY TRIAL DEMANDED |
| Defendant. | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff James Lee (referred to as "Plaintiff") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid regular and overtime wages from Defendant Veolia ES Industrial Services, Inc. (referred to as "Defendant"). In support thereof, he would respectfully show the Court as follows:

### I. NATURE OF SUIT

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets

overtime pay, minimum wage, and record keeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

2. Defendant violated the FLSA by failing to pay its nonexempt employees for all hours worked.

3. Defendant violated the FLSA by failing to pay its nonexempt employees at one and one-half times their regular rates of pay for hours worked in excess of forty (40) per each seven (7) day workweek.

4. Plaintiff brings this collective action under section 16(b) of the FLSA on behalf of himself and all other similarly situated employees in order to recover unpaid overtime wages. 29 U.S.C. § 216(b).

## II. JURISDICTION & VENUE

5. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute. Additionally, the Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because they are so related to his claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (b)(2) because Defendant resides in the Beaumont Division of the Eastern District of Texas and/or a substantial part of the events or omissions giving rise to the claim occurred in the Beaumont Division of the Eastern District of Texas.

## III. THE PARTIES

7. Plaintiff James Lee is a resident of Jefferson County, Texas and was employed by Defendant within the meaning of the FLSA during the three (3) year period preceding the filing of this action. In performing his duties, Lee was engaged in commerce or in the production of goods for commerce. Lee regularly worked in excess of forty (40) hours per week. However, Lee did not receive pay for all hours worked nor did he receive overtime pay for hours worked in excess of forty (40) at a rate of time and one-half as required by the FLSA.

8. Defendant Veolia ES Industrial Services, Inc. is a Deleware corporation that may be served with process by serving its registered agent, CT Corporation System, at 350 N. St. Paul St., Ste. 2900, Dallas, Texas 75201-4234. Alternatively, if the registered agent of Veolia ES Industrial Services, Inc. cannot with reasonable diligence be found at its registered office, Veolia ES Industrial Services, Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

9. Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine and normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants or employees.

## IV. FACTS

10. Defendant Veolia ES Industrial Services, Inc. owns and operates an industrial cleaning service located in the territorial jurisdiction of this Court.

11. In connection with its business operations, Defendant employs numerous hydroblasters.

12. From approximately June 2010 through December 2011, Lee was employed by Defendant as a hydroblaster.

13. Hydroblasters, including Lee, are responsible for removing fouling and deposits from all types of industrial equipment, including exchangers, towers and vessels, lines and sewers, and other contaminated surfaces.

14. Hydroblasters, including Lee, regularly work in excess of forty (40) hours per week.

15. Defendant does not pay hydroblasters, including Lee, for all hours worked.

16. Defendant does not pay hydroblasters, including Lee, overtime wages for hours worked in excess of forty (40) per each seven (7) day workweek at a rate of time and one-half as required by the FLSA.

17. Instead, hydroblasters, including Lee, were (i) required to attend monthly safety meetings without pay; (ii) denied payment for travel time that is all in the day's work (e.g. travel time following monthly safety meetings and/or travel time after reporting to at a meeting place to receive instructions or to perform other work there, or to pick up and to carry tools); (iii) denied payment for shop time (e.g., loading and unloading tools and equipment); (iv) docked fifteen (15) minutes' worth of pay for

arriving at work late or leaving early; (v) denied payment for hours worked if a supervisor deemed the time excessive; and/or (vi) denied overtime pay resulting from any one or more of the violations listed above.

18. On information and belief, these same illegal pay practices were applied to all employees of Defendant who were compensated in the same or similar manner to that of Plaintiff.

### V. COUNT ONE—VIOLATION OF THE FLSA

**A. Defendant Failed to Properly Compensate Plaintiff For All Hours Worked and at the Rate of Time and One-Half for All Overtime Hours Worked.**

19. Plaintiff re-alleges and incorporates by reference all of the facts set forth in the above-sections of this Complaint.

20. On information and belief, Plaintiff was a nonexempt employee under the guidelines of the FLSA.

21. As a nonexempt employee, Plaintiff was legally entitled to be paid for all hours worked and at one and one-half times his "regular rate" for all hours worked in excess of forty (40) during each seven (7) day workweek. 29 U.S.C. §§ 206(a), 207(a).

22. Defendant failed to pay Plaintiff for all hours.

23. Defendant failed to pay Plaintiff for all hours worked in excess of forty (40) at one and one-half times his regular rate.

24. Instead, Defendant (i) required Plaintiff to attend monthly safety meetings without pay; (ii) denied Plaintiff payment for travel time that is all in the day's work (e.g. travel time following monthly safety meetings and/or travel time after reporting to at a

meeting place to receive instructions or to perform other work there, or to pick up and to carry tools); (iii) denied Plaintiff payment for shop time (e.g., loading and unloading tools and equipment); (iv) docked Plaintiff fifteen (15) minutes' worth of pay for arriving at work late or leaving early; (v) denied Plaintiff payment for hours worked if Plaintiff's supervisor deemed the time excessive; and/or (vi) denied Plaintiff overtime pay resulting from any one or more of the violations listed above.

25. As a result, Plaintiff was regularly "shorted" on his paycheck by not being paid for all hours worked and at a rate of time and one-half for hours worked in excess of forty (40).

26. In the event that Defendant classified Plaintiff as exempt from the overtime requirements of the FLSA, Plaintiff was misclassified, as no proper exemption enumerated within the guidelines of the FLSA excused Defendant from appropriately paying Plaintiff for all hours worked and full overtime wages for hours worked in excess of forty (40) hours during each seven (7) day workweek, as is specifically required by the FLSA.

27. Rather, Defendant knowingly, willfully, and with reckless disregard, carried out its illegal pattern and practice of failing to pay Plaintiff proper regular and overtime wages.

**B.    Defendant Failed to Keep Accurate Records of Time Worked.**

28. The FLSA requires employers to keep accurate records of hours worked by nonexempt employees. 29 U.S.C. § 211(c).

29. In addition to the pay violations of the FLSA identified above, Defendant also failed to keep proper time records as required by the FLSA.

**C.  Defendant's Illegal Actions Were and Are Willful Violations of the FLSA.**

30. The illegal pattern or practice on the part of Defendant with respect to compensation and failure to maintain accurate time records are direct violations of the FLSA.

31. No exemption excuses Defendant from failing to pay Plaintiff for all hours worked and at his proper overtime rate of time and one-half for all hours worked in excess of forty (40).

32. Defendant has not made a good faith effort to comply with the FLSA.

33. Rather, Defendant knowingly, willfully and with reckless disregard carried out an illegal pattern or practice regarding overtime compensation and the payment of wages to Plaintiff.

## VI. COUNT TWO—COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff re-alleges and incorporates by reference all of the facts set forth in the above-sections of this Complaint.

35. On information and belief, other employees have been victimized by Defendant's patterns, practices and policies identified above in violation of the FLSA.

36. These employees are similarly situated to Plaintiff because, during the relevant time period, they held similar positions, were compensated in a similar manner, and were denied overtime wages at a rate of time and one-half for hours worked in excess of forty (40) each workweek.

37. Defendant's patterns or practices of failing to pay overtime compensation are generally applicable policies or practices and do not depend on the personal circumstances of the Members of the Class.

38. Since, on information and belief, Plaintiff's experiences are typical of the experiences of the Members of the Class, collective action treatment is appropriate.

39. All employees of Defendant, regardless of their rate of pay, who were not paid for all hours worked or at their proper overtime rate for hours worked in excess of forty (40) are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All current and former hydroblasters or any other employee: (1) who worked at any business that was owned, operated, and/or acquired by Defendant during the class period; (2) who were denied payment for all hours worked; and/or (3) who were not properly paid at a rate of time and one-half for hours worked in excess of forty (40) per workweek.

40. Plaintiff has retained counsel well versed in FLSA collective action litigation who is prepared to litigate this matter vigorously on behalf of Plaintiff and any other Members of the Class.

### VII. COUNT THREE—UNLAWFUL DEDUCTIONS

41. The Texas Labor Code prohibits employers from withholding or diverting any part of an employee's pay without written authorization from the employee. TEX. LAB. CODE § 61.018.

42. In addition to the pay violations of the FLSA identified above, Defendant made unlawful deductions from Plaintiff's wages (e.g., docked Plaintiff fifteen (15) minutes' worth of pay for arriving at work late or leaving early).

## VIII. COUNT FOUR—FAILURE TO PAY WAGES

43. Plaintiff re-alleges and incorporates by reference all of the facts set forth in the above-sections of this Complaint.

44. Defendant's practice of failing to pay their nonexempt employees overtime compensation at one and one-half times their regular rate for all hours worked in excess of forty (40) each workweek is in direct violation of the FLSA. 29 U.S.C. §§ 206(a), 207(a).

45. Defendant violated the FLSA as well as the Texas Labor Code by failing to pay Plaintiff his full and proper compensation. 29 U.S.C. § 216(b); TEX. LAB. CODE §§ 61.011-61.020.

46. Plaintiff is entitled to payment for all hours worked in excess of forty (40) each workweek in an amount that is one and one-half times his regular rate of pay.

47. Plaintiff is entitled to liquidated damages in an amount equal to his unpaid overtime wages as a result of Defendant's failure to comply with the requirements of the FLSA. 29 U.S.C. § 216(b).

## IX. JURY REQUEST

48. Plaintiff requests a trial by jury.

## X. PRAYER

49. WHEREFORE, Plaintiff and all similarly situated employees who join this action respectfully request this Court:

   a. Authorize the issuance of notice at the earliest possible time to all Defendant's employees who were employed during the three (3) years immediately preceding the filing of this lawsuit, informing them of their rights to participate in this lawsuit if they should so desire;

   b. Declare Defendant has violated the overtime provisions of the FLSA as to Plaintiff and all those similarly situated;

   c. Declare Defendant's violations of the FLSA to be willful;

   d. Award Plaintiff and all those similarly situated damages for the amount of unpaid overtime compensation, subject to proof at trial;

   e. Award Plaintiff and all those similarly situated an equal amount as liquidated damages, as specifically required by the FLSA;

   f. Award attorneys' fees both for this cause and for any and all appeals as may be necessary;

   g. Award expert witness fees incurred by Plaintiff in the preparation and prosecution of this action;

   h. Award postjudgment interest as allowed by law;

   i. Award costs of court of prosecuting Plaintiff's claims; and

   j. Award such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**MOORE & ASSOCIATES**

By: /s/ Melissa Moore
    Melissa Moore
    State Bar No. 24013189
    Federal Id. No. 25122
    Curt Hesse
    State Bar No. 24065414
    Federal Id. No. 968465
    Lyric Center
    440 Louisiana Street, Suite 675
    Houston, Texas 77002
    Telephone: (713) 222-6775
    Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**