**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **JAMES LEE,** *Individually and On Behalf of* *All Others Similarly Situated* | §<br>§<br>§ | |
| **v.** | §<br>§ | **1:12-CV-136** |
| **VEOLIA ES INDUSTRIAL SERVICES,** **INC.** | §<br>§<br>§ | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This case was brought under the Fair Labor Standards Act of 1938 ("FLSA") 29 U.S.C. §§ 201–219 by James Lee, individually, and on behalf of all other similarly situated current or former employees of the Defendant, Veolia ES Industrial Services, Inc. ("Veolia").  Lee alleges that Veolia failed to pay regular and overtime wages to him and other similarly situated employees as required by the FLSA.  The case is assigned to the Honorable Ron Clark, United States District Judge, and is referred to the undersigned United States Magistrate Judge for pretrial management.

Pending before the Court is Lee's "Motion for Class Certification and Expedited Discovery" (Doc. No. 34), in which Lee requests that the Court (1) conditionally certify this matter as a collective action, (2) authorize Lee to mail notice and consent forms to potential class members, and (3) require Veolia to produce verified information on all potential class members so that notice may be timely implemented.  Having considered the motion and the parties' filings in relation to it, the undersigned finds that the motion should be granted in part and denied in part. Because Lee has put forth facts showing that he is similarly situated to other current or former employees of Veolia, the Court should grant conditional certification under 29 U.S.C. § 216(b) for a class defined as follows:

> All current and former non-exempt employees of Veolia ES Industrial Services, Inc. who worked in a *non-routine* capacity in the positions of *technician*, *operator*, or *supervisor*, or were performing the job functions of a *non-routine technician*,

*operator*, or *supervisor*, and who worked for Veolia ES Industrial Services, Inc. within the Port Arthur Division on or after March 19, 2009.

## I.   Background

Veolia provides industrial hydro-blasting, ultra-high pressure cleaning, chemical cleaning, vacuum truck services, and tank cleaning services to refineries and chemical plants on the Gulf Coast.   Each of Veolia's locations is referred to as a Division.   This case concerns only the Port Arthur Division.

Veolia employs, among others, technicians, operators, and supervisors.   Technicians are responsible for hydroblasting and other cleaning techniques.   Operators run the cleaning equipment, perform cleaning operations, and supervise cleaning crews.   Supervisors are responsible for front-line customer contact, driving technicians and operators to customer work-sites, monitoring the cleaning operations, and assisting in the cleaning operations.   See generally (Doc. No. 38, Ex. A); (Doc. No. 40, Ex. B).   Technicians, operators, and supervisors are classified as either "routine" or "non-routine."   Routine employees constitute approximately 60% of Veolia's Port Arthur Division and generally work each shift at a specific customer facility. Routine employees generally report directly to the customer facility each day.   (Doc. No. 40, at 4.)   Non-routine employees work at different jobsites each shift, and generally report to Veolia's Port Arthur Facility at the beginning and end of each shift.   Non-routine employees travel in a company vehicle between Veolia's Port Arthur facility and customer facilities.   Id.   Lee was employed with Veolia's Port Arthur Division from January 2010 to December 2011.   During at least part of this time, Lee served as a non-routine technician.   (Doc. No. 34, Ex. C, at 1.)

Veolia's procedures for tracking work hours, accounting for lunch breaks, and compensating for travel time vary between divisions.   (Doc. No. 38, Ex. A, at 2.)   At least for the Port Arthur Division, non-routine employees' time spent on the job is classified as either "plant

time" or "shop time."   (Doc. No. 34, Ex. C, at 1); (Doc. No. 38, Ex. A, at 1–2).   Plant time consists of work done at a customer facility and may include travel time to that facility.   Shop time refers to time spent at the Veolia Port Arthur facility and may include the following activities: performing work, receiving instructions, loading or unloading equipment, putting on or removing protective gear, attending meetings, and waiting for a supervisor.   (Doc. No. 38, Ex. A, at 1–2.) It appears that an average day for a non-routine employee consists of the following: (1) an initial period of shop time in order to check-in, receive assignments, load equipment, gather protective gear, and perform any necessary inspections; (2) a period of plant time at a customer's facility during which cleaning operations occur; and (3) a final period of shop time in order to unload, turn in equipment and protective gear, perform any necessary inspections, fill out any necessary paperwork, and check-out.   (Doc. No. 34, Ex. C, at 1–2); (Doc. No. 40, Ex. B, at 1–2).

Plant time is tracked in various ways depending on the contract entered into between Veolia and the customer.   (Doc. No. 38, Ex. A, at 2.)   Generally, supervisors and operators record plant time for their crewmembers on service receipts, copies of which are turned into the payroll department.   For shop time, Veolia's stated policy is for employees to record their time on shop tickets and then turn those into their direct supervisor.   Supervisors or the Division Manager are then to sign off on the shop time and turn the shop ticket into the payroll department.   (Doc. No. 38, Ex. C, at 2.)   The payroll department calculates each employee's total hours worked by totaling the time found on service receipts and the time found on shop tickets.   (Id.)

Lee alleges that Veolia generally did not pay him for shop time, and that Veolia often undercompensated him or did not compensate him at all for time spent traveling between Veolia's Port Arthur facility and customers' facilities.   More specifically, Lee alleges that he was not paid for time spent loading and unloading trucks or time spent waiting for a work assignment at

Veolia's Port Arthur facility.   (Doc. No. 34, Ex. C, at 2.)   Lee also alleges that he was ordered to remain "on-call" twenty-four hours a day, seven days a week, and that he was not compensated for this time.   (Id.)   Lee states that all Veolia employees "working as technicians and operators who were non-routine" were subject to the same pay practices.   (Id.)   Lee identifies five individuals who had the same duties as him and who may be interested in joining this lawsuit.

Since Lee brought this lawsuit, twelve additional individuals have sought to opt in by signing a consent affidavit.   (Doc. Nos. 8–12, 17, 20–24, 37.)   Lee has submitted additional affidavits by three of those individuals; each attest to the same pay practices as Lee.   (Doc No. 34, Exs. D, E); (Doc. No. 40, Ex. B).   Two of the affiants testify that they worked as technicians and that Veolia's other non-routine technicians and operators were subject to the same pay practices identified by Lee.   (Doc. No. 34, Exs. D, E.)   The third affiant, Tyrie Sanders, testifies that she worked as a supervisor and that Veolia's other non-routine technicians, operators, and supervisors were subject to the same pay practices as Lee.   (Doc. No. 40, Ex. B.)   Sanders also testified that technicians and operators were unable to record their shop time because they did not have access to shop tickets; however, supervisors such as herself did have access to shop tickets.   (Id. at 2.) Sanders testified that she was not paid for shop time despite initially filling out shop tickets because the shop tickets simply ended up in the trash.   (Id.)

## II.   Legal Standard

"In 1938 Congress enacted the FLSA as a means of regulating minimum wages, maximum working hours, and child labor in industries that affected interstate commerce."   Reich v. Tiller Helicopter Servs., Inc., 8 F.3d 1018, 1024 (5th Cir. 1993) (citing 29 U.S.C. § 202).   The Act was designed to provide minimum protections for workers and to ensure that each employee would receive "'[a] fair day's pay for a fair day's work' and would be protected from 'the evil of

overwork as well as underpay.'" <u>Barrentine v. Arkansas-Best Freight Sys.</u>, 450 U.S. 728, 739 (1981) (quoting <u>Overnight Motor Transp. Co. v. Missel</u>, 316 U.S. 572, 578 (1942)). "Accordingly, the FLSA established a minimum wage, regulations governing maximum hours, recordkeeping and reporting requirements, provisions regulating child labor, and civil and criminal penalties for violation of any of its provisions." <u>Hesseltine v. Goodyear Tire & Rubber Co.</u>, 391 F. Supp. 2d 509, 515 (E.D. Tex. 2005). "Minimum wage and overtime requirements are the two central themes of the Act." <u>Id.</u> The FLSA's overtime provisions generally prohibit a covered employer from employing a worker "for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1) (2006). The FLSA also requires that employers "make, keep, and preserve" records of "the wages, hours, and other conditions and practices of employment" maintained by that employer. 29 U.S.C. § 211(c) (2006).

The FLSA allows a collective action to "be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b) (2006). "A collective action [under the FLSA] is similar to a class action brought under Rule 23 of the Federal Rules of Civil Procedure. But, it is different from a class action in that absent class members do not share in the recovery (and are not bound by the judgment) unless they specifically opt into the class upon receiving notice of the action." <u>Sedtal v. Genuine Parts Co.</u>, 1:08-CV-413, 2009 U.S. Dist. LEXIS 63261, at *4–5 (E.D. Tex. July 23, 2009) (Heartfield, J.) (citing <u>Belt v. Emcare Inc.</u>, 299 F. Supp. 2d 664, 665 (E.D. Tex. 2003) (Davis, J.)) (internal citation omitted). A collective action "prevents piecemeal litigation, inconsistent adjudications,

and difficult res judicata issues." Belt, 299 F. Supp. 2d at 665 (citing Donovan v. Univ. of Tex., 643 F.2d 1201, 1206–07 (5th Cir. 1981)).

A district court has the discretion to conditionally certify an FLSA collective action and authorize notice to potential class members so that they may choose to opt into the suit. Hoffmann-La Roche v. Sperling, 493 U.S. 165, 169 (1989); Larsen v. Creme De La Creme, Inc., 4:09-CV-613, 2011 U.S. Dist. LEXIS 7405, at *3 (E.D. Tex. Jan. 25, 2011) (Bush, Mag. J.), adopted by 2011 U.S. Dist. LEXIS 32312 (Mar. 27, 2011) (Schell, J.); Jones v. Abclean, Inc., 1:08-CV-508, at 4 (E.D. Tex. Feb. 8, 2010) (Doc. No. 70) (Crone, J.).   However, a court should only conditionally certify a class and authorize notice if the plaintiff shows that other employees are "similarly situated." Sedtal, 2009 U.S. Dist. LEXIS 63261, at *5.

Two approaches are used by courts to determine whether to authorize notice to similarly situated employees: (1) the two-stage method set forth in Lusardi v. Xerox, Corp., 118 F.R.D. 351 (D.N.J. 1987), and (2) the spurious method discussed in Shushan v. Univ. of Colo., 132 F.R.D. 263 (D. Colo. 1990).   Although the Fifth Circuit has discussed both approaches, it has refrained from adopting either. Acevedo v. Allsup's Convenience Stores, Inc., 600 F.3d 516, 519 (5th Cir. Tex. 2010) ("[W]e have not adopted any of the varying approaches for determining whether employees' claims are sufficiently similar to support maintenance of a representative action."); Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1213–16 (5th Cir. 1995) (finding it unnecessary to decide between the two methods in order to conclude that the district court did not abuse its discretion), overruled on other grounds by Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003).   The undersigned will employ the two-stage approach because it is the predominant method used by federal courts, including those within this District. E.g., Tice v. AOC Senior Home Health Corp., 826 F. Supp. 2d 990, 994 (E.D. Tex. 2011) (Schell, J.); Larsen, 2011 U.S. Dist. LEXIS 7405, at *4; Hickson v.

United States Postal Serv., 5:09-CV-83, 2010 U.S. Dist. LEXIS 104112, at *18 (E.D. Tex. July 22, 2010) (Craven, Mag. J.), adopted by 2010 U.S. Dist. LEXIS 104120 (E.D. Tex. Sept. 28, 2010) (Folsom, J.); Jones, 1:08-CV-508, at 5; Sedtal, 2009 U.S. Dist. LEXIS 63261, at *6–7; Beall v. Tyler Techs., Inc., 2:08-CV-422, 2009 U.S. Dist. LEXIS 52990, at *4–5 (E.D. Tex. June 23, 2009) (Ward, J.).   Therefore, only the two-stage method is addressed below.

The first stage is the "notice stage," when the district court makes a decision, based on the pleadings and any affidavits, whether to "conditionally" certify the collective action and authorize notice to potential class members.   Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1213–14 (5th Cir. 1995).   If the court grants conditional certification, putative class members receive notice and the opportunity to opt in.   The action then proceeds as a collective action throughout discovery. Id.   The second stage, or merits stage, arises upon the defendant's motion for decertification. This normally occurs after discovery is largely completed and the case is ready for trial.   Id.   At the merits stage, "the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question."   Id.

The instant case is at the notice stage, in which the court must determine whether to conditionally certify a collective action.   At this stage, the plaintiff bears the burden of presenting preliminary facts showing that a similarly situated group of potential plaintiffs exists.   Tice, 826 F. Supp. 2d at 995 (citing Mims v. Carrier Corp., 2:06-CV-206, 2007 U.S. Dist. LEXIS 102270, at *6–7 (E.D. Tex. Sept. 11, 2007) (Everingham, Mag. J.), adopted by 2008 U.S. Dist. LEXIS 25943 (E.D. Tex. Mar. 31, 2008) (Ward, J.); Jones, 1:08-CV-508, at 7.   This factual showing must be supported by competent evidence: at the very least, it must be based on personal knowledge. Tice, 826 F. Supp. 2d at 995.   The court should satisfy itself that the potential plaintiffs are similarly—but not necessarily identically—situated with respect to their job requirements and pay

provisions.  Id. (citing Allen v. McWane, Inc., 2:06-CV-158, 2006 U.S. Dist. LEXIS 81543, at

*12–13 (E.D. Tex. Nov. 7, 2006) (Ward, J.)).   "Because the court has minimal evidence" at the

notice stage, the standard is "fairly lenient," "and typically results in 'conditional certification' of a

representative class."   Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1214 (5th Cir. 1995); see also

Tice, 826 F. Supp. 2d at 995; Jones, 1:08-CV-508, at 5.

## III.  Analysis

### A.  Certification as a Collective Action

The facts demonstrate that Lee performed similar duties and was subject to similar pay

practices as other Veolia Port Arthur Division employees classified as "non-routine" technicians,

operators, and supervisors.   In their capacity as non-routine employees, they were required to

report each workday to the Veolia Port Arthur facility where they received their work assignments,

prepared for that assignment, and performed other work activities.   They then traveled by

company vehicle to a customer facility where they performed cleaning services.   At the end of the

day, they reported back to the Veolia Port Arthur facility where they would turn in equipment and

check out for the day.   Veolia maintains a uniform practice for recording and paying for hours

worked by non-routine technicians, operators, and supervisors: their hours are calculated based on

"shop time" that the individual employees are to record on shop tickets and "plant time" that

supervisors or operators are to record on service receipts.

Therefore, the facts demonstrate that Veolia's Port Arthur Division, non-routine [1] technicians, operators, and supervisors [2] "are similarly situated with respect to their job requirements and pay provisions." <u>Tice</u>, 826 F. Supp. 2d at 995 (citing <u>Allen v. McWane, Inc.</u>, 2:06-CV-158, 2006 U.S. Dist. LEXIS 81543, at *12–13 (E.D. Tex. Nov. 7, 2006) (Ward, J.)). These facts are supported by competent evidence, including employment records and sworn affidavits executed by Lee and other current or former employees of Veolia. <u>See generally</u> (Doc. No. 34, Exs. C–M); (Doc. No. 38, Exs. A, B); (Doc. No. 40, Exs. B–S). The record also demonstrates that other employees of Veolia, who may be similarly situated to Lee, wish to participate in this lawsuit. <u>See</u> (Doc. Nos. 8–12, 17, 20–24, 37.)

Veolia offers multiple reasons why the Court should not conditionally certify this as a collective action and notify potential class members. First, Veolia alleges that conditional certification is inappropriate because Lee and the other potential plaintiffs have no claims as a matter of law. This argument "is not a recognized basis for defeating conditional certification. At the notice stage of the *Lusardi* approach, 'courts generally refuse to consider a defendant's arguments on the merits.'" <u>Jones v. Abclean, Inc.</u>, 1:08-CV-508, at 11 (E.D. Tex. Feb. 8, 2010)

---

1. The parties do not specify that only non-routine employees of Veolia are similarly situated. However, the facts and evidence offered by the parties demonstrate that the job requirements described and pay practices complained of are unique to Veolia's non-routine employees. <u>See, e.g.</u>, (Doc. No. 34, Ex. C, at 2, Ex. D, at 3, Ex. E, at 3) (describing the pay-practices complained of as applying to "all employees working as technicians and operators who were non-routine"); (Doc. No. 40, Ex. B, at 3) (describing the pay-practices complained of as applying to "all employees working as technicians, operators, and field supervisors who were non-routine"). <u>See generally</u> (Doc. No. 38, at 6–7) (describing the job requirements and pay practices of routine and non-routine employees); (Doc. No. 40, at 3–10) (focusing on the job requirements and pay practices of non-routine employees). Accordingly, the undersigned finds that Lee has *not* put forth preliminary facts sufficient to demonstrate that Veolia's routine employees are similarly situated. The proposed notice attached to this report and recommendation has been modified accordingly.

2. In Lee's motion for class certification, he initially defined the group of similarly situated individuals as including only technicians and operators. <u>See</u> (Doc. No. 34, at 2, Ex. N, at 4.) Yet, in his reply regarding the motion, Lee refers collectively to technicians, operators, *and supervisors* as being similarly situated. <u>See generally</u> (Doc. No. 40, at 3–11). Based on the competent evidence proffered by Lee, particularly the affidavit of Tyrie Sanders (Doc. No. 40, Ex. B), the undersigned finds that Lee has put forth preliminary facts sufficient to demonstrate that non-routine supervisors are similarly situated to non-routine technicians and operators. The proposed notice attached to this report and recommendation has been modified accordingly. While Lee should have properly defined the group of similarly situated individuals in his initial motion, Veolia did not object to Lee's delayed offer of facts and evidence on supervisors despite having an opportunity to file a sur-reply according to the Local Rules. <u>See</u> E.D. TEX. CIV. R. 7(f).

(Doc. No. 70) (Crone, J.) (quoting Gandhi v. Dell Inc., No. A-08-CA-248, 2009 WL 1940144, at

34 (W.D. Tex. July 2, 2009)).   Therefore, the undersigned does not consider Veolia's arguments

on the merits.   If Veolia wishes to offer such arguments, the appropriate avenue to do so is

through a motion for summary judgment.[3]   In fact, both of the cases cited by Veolia involve a

court granting a motion for summary judgment in favor of the defendants.   See (Doc. No. 38, at 8–

9.)

Veolia also argues that Lee has failed to establish that there is a reasonable basis for

crediting the assertion that aggrieved individuals exist.   The undersigned disagrees.   Lee has

offered affidavits sworn to by himself, two non-routine technicians, and one non-routine

supervisor.   Each of these individuals alleges that they were required to begin and end their day by

performing work at Veolia's Port Arthur facility for which they were not paid.   In particular, the

supervisor alleges that "shop tickets," which Veolia states are used to keep track of shop time,

were not given to technicians and operators, and those shop tickets that supervisors submitted

ended up in the trash.   See (Doc. No. 40, Ex. B, at 2.)   To corroborate this testimony, Lee also

proffers Veolia payroll time sheets that rarely list Lee and the other affiants as working shop time

on the dates they worked plant time.   (Doc. No. 40, Ex. P.)   Additionally, each of these

individuals state that other non-routine technicians, operators, and supervisors, were subject to the

same pay practices.

---

3.   This applies to the arguments made by Veolia in its "Supplemental Brief" (Doc. No. 39) based on the
recent Fifth Circuit case Griffin v. SB Engineers and Constructors, Ltd., No. 12-40382, 2013 U.S. App. LEXIS 785
(5th Cir. Tex. Jan. 11, 2013) (unpublished per curiam opinion).   Griffin involved a motion for summary judgment, not
a motion for conditional certification.   Likewise, the arguments made by Veolia in its brief go to the merits and may
be raised through a motion for summary judgment.
     This also applies to Veolia's argument that Lee and the potential plaintiffs have no right to wages for on-call
time.   (Doc. No. 38, at 12–13.)   As Veolia itself admits, "[w]hether on-call time is compensable is an issue of law
that may be properly disposed of on summary judgment."   (Id. at 12 n.5) (citing Bright v. Houston Nw. Med. Cent.
Survivor, Inc., 934 F.2d 671, 674 (5th Cir. 1991)).

Veolia further alleges that Lee and the potential plaintiffs are not similarly situated because pay practices vary by worksite and because calculating each plaintiff's unpaid hours will require individualized proof.   (Doc. No. 38, at 13–16.)   The method Veolia uses to record plant time may vary slightly depending on the customer worksite, but the practice that is central to this action—Veolia's stated procedure for recording *shop time* and whether it is generally disregarded—appears to be applied in a similar manner to all non-routine technicians, operators, and supervisors, regardless of customer worksite.   See (Doc. No. 34, Exs. C–E); (Doc. No. 38, Ex. A); (Doc. No. 40, Ex. B).   While the potential plaintiffs may not be identically situated, Lee has put forth facts showing that they are *similarly* situated with respect to their job requirements and pay provisions; and that is all that is required for conditional certification.   See Tice v. AOC Senior Home Health Corp., 826 F. Supp. 2d 990, 995 (E.D. Tex. 2011) (Schell, J.) (citing Allen v. McWane, Inc., 2:06-CV-158, 2006 U.S. Dist. LEXIS 81543, at *12–13 (E.D. Tex. Nov. 7, 2006) (Ward, J.)).   In addition, the fact that individualized proof may be necessary to determine unpaid hours does not preclude conditional certification.   Jones, 1:08-CV-508, at 12 ("[T]he need to determine class members' damages on an individualized basis should not bar conditional certification if the proposed class is otherwise similarly situated." (quoting Maynor v. Dow Chem. Co., No. G-07-0504, 2008 WL 2220394, at *9 (S.D. Tex. May 28, 2009)) (internal quotation marks omitted)).   Veolia's arguments on these points are without merit.

Finally, Veolia states that Lee does not show that other employees wish to opt into to this lawsuit.   (Doc. No. 38, at 16–17.)   This statement is puzzling and incorrect: Lee has filed notices for twelve individuals who wish to opt into this lawsuit.   (Doc. Nos. 8–12, 17, 20–24, 37.)

In summation, conditional certification is warranted because Lee has put forth sufficient facts, supported by competent evidence, that demonstrate non-routine technicians, operators, and

supervisors working at Veolia's Port Arthur Division "are similarly situated with respect to their job requirements and pay provisions."   Tice, 826 F. Supp. 2d at 995.

B.   *Notice to Potential Plaintiffs*

A collective action depends "on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate."   Hoffmann-La Roche v. Sperling, 493 U.S. 165, 170 (1989).   Therefore, the Court has the authority to manage the preparation and distribution of notice in order to ensure that it is "timely, accurate, and informative."   Id. at 172.   Lee requests that the Court authorize notice in this action, and he urges the Court to adopt the proposed notice included as Exhibit N to his Motion for Class Certification.   (Doc. No. 34, Ex. N.)   Veolia objects to Lee's proposed notice on the grounds that the notice period is incorrect, the claim description is too vague, sentences should be moved, and a tax liability warning should be included.   Lee does not respond to any of these objections in his reply brief.

Lee's proposed notice confines the class to individuals employed on or after March 19, 2009—the three years preceding the filing of this action.   Veolia objects that this period should be changed in the notice to three years from the date the Court approves the notice.   "The FLSA generally provides for a two-year statute of limitations on actions to enforce its provisions, but allows a three-year limitations period for 'a cause of action arising out of a willful violation.'" Reyes v. Tex. EZPawn, L.P., 459 F. Supp. 2d 546, 565 (S.D. Tex. 2006) (quoting 29 U.S.C. § 255(a)).   In an FLSA collective action, the limitations period for an individual consenting to be a part of the action "continues to run until she consents in writing to becoming a party plaintiff." Cash v. Conn Appliances, 2 F. Supp. 2d 884, 897 (E.D. Tex. 1997) (Heartfield, J.) (citing 29 U.S.C. § 256).   Therefore, because they have joined this action at different times, the limitations

period will be apply differently to Lee, the potential plaintiffs who have already consented, and the potential plaintiffs who may consent upon receiving notice.   To include all of these individuals within the class, the collective action should be defined as encompassing individuals employed by Veolia on or after March 19, 2009.   However, in order to address the issue raised by Veolia, the undersigned recommends that the following warning be included in the section of the proposed notice regarding how an individual may join this lawsuit:

> Please note that the statute of limitations for overtime claims is no more than three years (and in some cases two years) back from the date that you file the enclosed form.   That means that any wages owed to you more than two or three years before the enclosed form is actually filed could potentially be timebarred.   Therefore, if you wish to join the lawsuit, you should not delay in returning the enclosed form as the statute of limitations continues to run on your potential wage claims.

The undersigned has modified Lee's proposed notice accordingly and attached it to this report and recommendation.

Veolia also objects that the description of the claim in Lee's proposed notice is too vague. The claims in this case are varied and the undersigned finds that the notice accurately describes those claims.   Veolia does not offer a proposed modification to the claim description in the notice, and the undersigned does not find that any such modification is necessary.   The notice also informs the potential plaintiffs that if they need more information they may contact the attorneys for Lee or Veolia to ask questions or request a copy of the Complaint, Answer, and Court's Order Certifying the Class.

Veolia also proposes that some of the sentences in Lee's proposed notice be moved to a different location within the notice and that a warning regarding tax liability be included within the notice.   <u>See</u> (Doc. No. 38, at 17–18.)   Lee did not respond to these proposals in his reply brief. The undersigned finds the proposals meritorious.   The notice attached to this report and recommendation incorporates Veolia's proposed changes.

In conclusion, the Court should order that the notice attached to this report and recommendation be distributed to potential class members so that they may timely decide whether to participate in this action.

## C. Discovery

Lee also requests that Veolia be ordered to produce, under oath, the names, last known addresses, phone numbers, dates of birth, and social security numbers of all the relevant workers employed within the three years preceding the filing of this action.   Veolia does not object to this request.   Regardless, the undersigned finds it unnecessary for Lee to receive the social security numbers of all potential plaintiffs at this time.   See, e.g., Guan Ming Lin v. Benihana Nat'l Corp., 275 F.R.D. 165, 179 (S.D.N.Y. 2011); Alonso v. Uncle Jack's Steakhouse, Inc., 648 F. Supp. 2d 484, 489–90 (S.D.N.Y. 2009).   In the event that Lee is unable to determine the current mailing address of a potential plaintiff and he believes that an individual's social security number is necessary to locate the individual, Lee can request that particular individual's social security number at that time.

## IV.  Recommendation

The undersigned recommends that Lee's "Motion for Class Certification and Expedited Discovery" (Doc. No. 34) be granted in part and denied in part.

The Court should grant conditional certification under 29 U.S.C. § 216(b) for a class defined as follows:

> All current and former non-exempt employees of Veolia ES Industrial Services, Inc. who worked in a *non-routine* capacity in the positions of *technician*, *operator*, or *supervisor*, or were performing the job functions of a *non-routine technician*, *operator*, or *supervisor*, and who worked for Veolia ES Industrial Services, Inc. within the Port Arthur Division on or after March 19, 2009.

The Court should order Veolia to provide Lee, under oath, the full names, periods of employment, positions of employment, mailing addresses, telephone numbers, and dates of birth of all potential class members by May 28, 2013.

The Court should further order Lee to mail the notice and consent form attached to this report and recommendation to all potential class members by June 7, 2013.

## V.   Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c) (Supp. IV 2011), each party to this action has the right to file objections to this report and recommendation.  Objections to this report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report.  See 28 U.S.C. § 636(b)(1)(c); FED R. CIV. P. 72(b)(2).  A party who objects to this report is entitled to a de novo determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made.  See 28 U.S.C. § 636(b)(1)(c); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States District Judge of the findings of fact and conclusions of law, see Rodriguez v. Bowen, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, see Douglass, 79 F.3d at 1428–29.

SIGNED this 12th day of April, 2013.

_____
Zack Hawthorn
United States Magistrate Judge

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS

# If you were employed by Veolia ES Industrial Services, Inc., a collective action lawsuit may affect your rights.

### *A court authorized this notice.  This is not a solicitation from a lawyer.*

- Employees have sued Veolia ES Industrial Services, Inc. (referred to in this notice as "Veolia") claiming Veolia failed to pay its hourly employees regular and overtime wages as required by law.  Veolia denies these claims.

- The Court has allowed the lawsuit to be conditionally certified as a collective action on behalf of certain employees affected by Veolia's policies.

- The Court has not decided whether Veolia did anything wrong.

- There is no money available now, and there is no guarantee there will be.  However, your legal rights are affected and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
| --- | --- |
| **ASK TO BE INCLUDED BY SEPTEMBER 5, 2013** | **Join this lawsuit.  Await the outcome.  Give up certain rights.**<br><br>By joining, you keep the possibility of getting money or benefits that may come from a trial or settlement.  But, you give up any rights to sue Veolia separately about the same legal claims in this lawsuit.  You may also be required to respond to written questions, give a deposition, produce documents, and/or testify at trial. |
| **DO NOTHING** | **Do nothing.  Get no benefits from it.  Keep rights.**<br><br>If you do nothing and money or benefits are later awarded, you will not share in those.  But you keep any rights to sue Veolia separately about the same legal claims in this lawsuit. |

- Your options are explained in this notice.  **To be included, you must act before September 5, 2013**.  If you do not join, you risk losing any recovery for any time you worked over the past three years.

- Lawyers must prove the claims against Veolia at a trial to be set at a later date. If money or benefits are obtained from Veolia, you will be notified about how to ask for a share.

- **Any questions? Read on.**

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION .............................................................................................................. 3
    Why did I get this Notice? ................................................................................................ 3
    Has the Court decided who is right? ................................................................................. 3
    What is this lawsuit about? ................................................................................................ 3
    What is a collective action and who is involved? ............................................................ 3
    Why is this lawsuit a collective action? ............................................................................ 4

THE CLAIMS IN THE LAWSUIT ............................................................................................ 4
    What does this lawsuit complain about? ........................................................................... 4
    How does Veolia answer? ................................................................................................ 4
    What is the Plaintiff asking for? ...................................................................................... 4
    Is there any money available now? ................................................................................... 4

WHO IS IN THE CLASS ........................................................................................................... 5
    Am I part of this Class? .................................................................................................... 5
    Which current and former employees are included? ....................................................... 5
    I'm still not sure if I'm included. .................................................................................... 5

YOUR RIGHTS AND OPTIONS ............................................................................................... 5
    How do I join the lawsuit? ............................................................................................... 5
    Why would I want to be excluded from the lawsuit? ...................................................... 6
    What should I do if I decide not to participate in this lawsuit? ....................................... 6
    If I join this lawsuit, can Veolia retaliate against me? .................................................... 6

THE LAWYERS REPRESENTING YOU ................................................................................. 7
    Do I have a lawyer in this case? ...................................................................................... 7
    Should I get my own lawyer? .......................................................................................... 7
    How will the lawyers be paid? ......................................................................................... 7

THE TRIAL ............................................................................................................................... 7
    How and when will the Court decide who is right? ......................................................... 7
    Do I have to come to the trial? ........................................................................................ 7
    Will I get money after the trial? ....................................................................................... 8

GETTING MORE INFORMATION .......................................................................................... 8
    Are more details available? .............................................................................................. 8

# BASIC INFORMATION

### 1.   Why did I get this notice?

Veolia's records show that you currently work, or previously worked, for Veolia.  This notice explains that the Court has allowed, or "certified," a collective action lawsuit that may affect you.  You have legal rights and options that you may exercise before the Court holds a trial.  The trial is to decide whether the claims being made against Veolia are correct.  District Judge Ron Clark of the United States District Court for the Eastern District of Texas is overseeing this collective action.  The lawsuit is known as *James Lee, et. al. v. Veolia ES Industrial Services, Inc.*, No. 1:12-cv-00136 (E.D. Tex. filed March. 19, 2012).  The Plaintiffs are represented by the law firm of MOORE & ASSOCIATES (attorney in charge, Melissa Moore), 440 Louisiana Street, Suite 675, Houston, Texas 77002.  The Defendant is represented by the law firm of FULBRIGHT & JAWORSKI (attorney in charge, M. Carter Crow), 1301 McKinney, Suite 5100, Houston, Texas 77010.

### 2.   Has the Court decided who is right?

The Court has not decided whether Veolia or the Plaintiff is correct.  By establishing the Class and issuing this Notice, the Court is not suggesting that the Plaintiff will win or lose this case.  The Plaintiff must prove their claims at a trial to be set at a later date. (See "The Trial" below on page 7.)

### 3.   What is this lawsuit about?

This lawsuit is about whether Veolia failed to pay its hourly employees for all hours worked at the minimum wage and also failed to pay them overtime wages as required by law.  Veolia denies these claims.  More information about federal wage and hour laws can be found at the website of the U.S. Department of Labor, www.dol.gov.

### 4.   What is a collective action and who is involved?

In a collective action lawsuit, one or more people called "Class Representatives" (in this case James Lee) sue on behalf of other people who have similar claims.  The people together are a "Class" or "Class Members."  The people who sued—and all the Class Members like them—are called the Plaintiffs.  The company they sued (in this case Veolia ES Industrial Services, Inc.) is called the Defendant.  One court resolves the issues for everyone who chooses to join the Class.

---

### 5.   Why is this lawsuit a collective action?

---

The Court conditionally decided that this lawsuit can be a collective action and move towards a trial because it meets the requirements of a collective action under the Fair Labor Standards Act of 1938.   Specifically, the Court found that there was sufficient evidence to demonstrate that certain employees of Veolia held the same or similar job titles, shared substantially the same duties, and were subject to the same pay practices.

More information about why the Court is allowing this lawsuit to be a collective action is in the Court's Order Certifying the Class, which is available by calling 1-877-223-6775.

## THE CLAIMS IN THE LAWSUIT

---

### 6.   What does this lawsuit complain about?

---

In the lawsuit, the Plaintiff says that Veolia failed to pay its hourly employees regular and overtime wages as required by law.   You can learn more about the Plaintiff's claims by reading the Original Complaint, which is available by calling 1-877-223-6775.

---

### 7.   How does Veolia answer?

---

Veolia denies that it did anything wrong.   Veolia's Answer to the Complaint is available by calling 1-877-223-6775.

---

### 8.   What is the Plaintiff asking for?

---

The Plaintiff wants his unpaid wages, monetary damages, and attorneys' fees.

---

### 9.   Is there any money available now?

---

No money or benefits are available now because the Court has not yet decided whether Veolia did anything wrong, and the two sides have not settled the case. There is no guarantee that money or benefits ever will be obtained.   If they are, you will be notified about how to ask for a share.   In the event that you receive money as a result of this action, you may be obligated to amend any tax return filed for the period in question.

## WHO IS IN THE CLASS

You need to decide whether you are affected by this lawsuit.

| 10. Am I part of this Class? |
|---|

District Judge Ron Clark decided that all current and former non-exempt employees of Veolia ES Industrial Services, Inc. who worked in a *non-routine* capacity in the positions of *Technician*, *Operator*, or *Supervisor*, or were performing the job functions of a *non-routine Technician*, *Operator*, or *Supervisor*, and who worked for Veolia ES Industrial Services, Inc. within the Port Arthur Division on or after March 19, 2009, are Class Members.

| 11. Which current and former employees are included? |
|---|

Former employees are in the Class as long as they (1) were employed by Veolia as a non-exempt employee, (2) worked in a *non-routine* capacity in the positions of *Technician*, *Operator*, or *Supervisor*, or were performing the job functions of a *non-routine Technician*, *Operator*, or *Supervisor*, and (3) worked in this capacity on or after March 19, 2009.  **Even if you are a current employee—you are included.**

| 12. I'm still not sure if I'm included. |
|---|

If you are still not sure whether you are included, you can get free help by calling 1-877-223-6775 or writing to the lawyers in this case, at the addresses listed in Question 23.

## YOUR RIGHTS AND OPTIONS

**You have to decide whether to join the Class or not to participate before the trial, and you have to decide this now.**

| 13. How do I join the lawsuit? |
|---|

You have to fill out the enclosed form and mail it in the enclosed postage prepaid envelope if you want the possibility of getting money or benefits from this lawsuit.  **The form must be postmarked by September 5, 2013**.

By filling out and mailing the form you are joining the Class.  Your right to participate will ultimately depend on a decision by the Court that you and the Plaintiff are "similarly situated." If you join the class, you may also be required to respond to written questions, give a deposition, produce documents, and/or testify at trial.

If you join and the Plaintiff obtains money or benefits, either as a result of the trial or a settlement, you will be notified about how to apply for a share.  Keep in mind that if you join the class, regardless of whether the Plaintiff wins or loses the trial, you will not be able to sue, or

continue to sue, Veolia—as part of any other lawsuit—about the same legal claims that are the subject of this lawsuit.  This means that if you join the lawsuit, you will be legally bound by all of the orders the Court issues and judgments the Court makes in this collective action.

Please note that the statute of limitations for overtime claims is no more than three years (and in some cases two years) back from the date that you file the enclosed form.  That means that any wages owed to you more than two or three years before the enclosed form is actually filed could potentially be timebarred.  **Therefore, if you wish to join the lawsuit, you should not delay in returning the enclosed form as the statute of limitations continues to run on your potential wage claims.**

### 14. Why would I want to be excluded from the lawsuit?

If you already have your own unpaid wage lawsuit against Veolia and want to continue with it, you should not join the lawsuit.  If you do not join the lawsuit, you won't get any money or benefits from this lawsuit even if the Plaintiff obtains them as a result of the trial or from any settlement (that may or may not be reached) between Veolia and the Plaintiff.  However, you may then be able to sue or continue to sue Veolia for unpaid wages.  If you do not join the lawsuit, you will not be legally bound by the Court's judgments in this collective action.

If you start your own lawsuit against Veolia, you'll have to secure your own lawyer for that lawsuit, and you'll have to prove your claims.  **If you choose not to join the Class so you can start or continue your own lawsuit against Veolia, you should talk to your own lawyer soon because your claims may be subject to the statute of limitations.**

Note that if you do not join this lawsuit and you are currently employed by Veolia, any changes made to Veolia's policies about the payment of wages would still apply to you.

### 15. What should I do if I decide not to participate in this lawsuit?

If you decide not to participate in this lawsuit, you do not need to do anything.

### 16. If I join this lawsuit, can Veolia retaliate against me?

It is unlawful for any employer to retaliate, in any way, against its employees for trying to recover unpaid wages or unpaid overtime wages.  If you believe that you are being retaliated against for joining this lawsuit call 1-877-223-6775 immediately and ask to speak to an attorney.

## THE LAWYERS REPRESENTING YOU

### 17. Do I have a lawyer in this case?

If you decide to participate in this case, the law firm of MOORE & ASSOCIATES, of Houston, Texas will represent you and all Class Members.  The law firm is called "Class Counsel."  Class counsel is experienced in handling similar cases against other employers.  More information about MOORE & ASSOCIATES, its practices, and its lawyers' experience is available at www.mooreandassociates.net or by calling 1-877-223-6775.

### 18. Should I get my own lawyer?

If you choose to participate in this lawsuit, you do not need to hire your own lawyer because Class Counsel is working on your behalf.  But, if you want your own lawyer, you will have to pay that lawyer.  For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

### 19. How will the lawyers be paid?

If Class Counsel gets money or benefits for the Class, they may ask the Court for fees and expenses.  You won't have to pay these fees and expenses.  If the Court grants Class Counsel's request, the fees and expenses would be either deducted from any money obtained for the Class or paid separately by Veolia.

## THE TRIAL

The Court will schedule a trial to decide who is right in this case.

### 20. How and when will the Court decide who is right?

As long as the case isn't resolved by a settlement or otherwise, Class Counsel will have to prove the Plaintiff's claims at a trial.  The trial is set for a later date in the United States District Court for the Eastern District of Texas, located at 300 Willow Street, Beaumont Texas, in Judge Ron Clark's Courtroom.  During the trial, a jury or the Judge will hear all of the evidence to help them reach a decision about whether the Plaintiff or Defendant are right about the claims in the lawsuit.  There is no guarantee that the Plaintiff will win, or that they will get any money for the Class.

### 21. Do I have to come to the trial?

Unless otherwise told, you do not need to attend the trial.  Class Counsel will present the case for the Plaintiff, and Veolia will present the defenses.  You or your own lawyer are welcome to come at your own expense.

## 22. Will I get money after the trial?

If the Plaintiff obtains money or benefits as a result of the trial or a settlement, you will be notified about how to participate.  We do not know how long this will take.

## GETTING MORE INFORMATION

## 23. Are more details available?

If you need more information, you may contact the attorneys listed below.  They can provide you with copies of the Court's Order Certifying the Class, the Complaint that the Plaintiff submitted, and the Defendant's Answer to the Complaint.

MOORE & ASSOCIATES
Melissa Moore
440 Louisiana St., Ste. 675
Houston, TX  77002
713-222-6775

*Attorney for Plaintiff*

FULBRIGHT & JAWORSKI
M. Carter Crow
1301 McKinney, Suite 5100,
Houston, Texas 77010
713-651-5151

*Attorney for Veolia*

DATE: June 7, 2013

## CONSENT TO OPT-IN AND JOIN COLLECTIVE ACTION

Fair Labor Standards Act of 1938
29 U.S.C. § 216(b)

Pursuant to section 216(b) of the Fair Labor Standards Act, I hereby consent to opt-in and take part in a collective action lawsuit styled *James Lee, et. al. v. Veolia ES Industrial Services, Inc.*, No. 1:12-cv-00136 (E.D. Tex. filed March. 19, 2012). I elect to join this lawsuit in order to recover unpaid wages, overtime wages and other sums which may be owed to me and other similarly situated current or former employees of Veolia under the FLSA and any other applicable federal and state law. *See* 29 U.S.C. §§ 201-219. I authorize the law firm MOORE & ASSOCIATES to pursue any claims I may have in this lawsuit relating to unpaid wages, including such litigation as may be necessary. I consent, agree and elect to become a claimant and to be bound by any judgment or settlement of this action. I acknowledge that by joining this lawsuit, I may have to respond to written questions, give a deposition, produce documents, and/or testify at trial.


_____          _____
           Signature                                         Date Signed


_____
           Printed Name


_____          _____
           Street Address                            City          State     Zip


_____          _____
           Telephone Number                            Email Address


NOTE: To join this claim, you must complete this consent form, sign where indicated, and mail it to Class Counsel in the enclosed envelope at the following address:

> Melissa A. Moore
> MOORE & ASSOCIATES
> Lyric Center
> 440 Louisiana Street, Suite 675
> Houston, Texas  77002
> Telephone:  (713) 222-6775
> Fax:  (713) 222-6739

### ***IMPORTANT NOTES***

*In order to ensure that your rights are fully protected against the statute of limitations, it is critical that you sign and return this consent form as soon as possible.*

### *SIGNED FORM MUST BE POSTMARKED BY SEPTEMBER 5, 2013*

## <u>CORRECTION OF NAME OR ADDRESS INFORMATION</u>

I wish to correct my name and/or mailing address information to the following:

Name:  _____

Street and Apt. No., if any:  _____

City, State and Zip Code:  _____

My birthday is _____  _____,  _____
(For verification purposes only)

I understand that all future correspondence in this matter, including but not necessarily limited to important notices or payments to which I am entitled (if any), will be sent to the address listed above and not to the address previously provided.  I hereby request and consent to the use of the address listed above for these purposes.

DATED: _____, 2013

Submitted by: _____

PLEASE RETURN THIS FORM VIA UNITED STATES MAIL TO:
(You may use the enclosed stamped envelope)

Melissa A. Moore
MOORE & ASSOCIATES
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas  77002

### <u>*THIS FORM MUST BE POSTMARKED BY SEPTEMBER 5, 2013 TO CHANGE YOUR ADDRESS*</u>

10