# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| **JAMES LEE,** *Individually and On Behalf of* *All Others Similarly Situated* | § § § | |
| **v.** | § § | **1:12-CV-136** |
| **VEOLIA ES INDUSTRIAL SERVICES, INC.** | § § § | |

## ORDER OVERRULING OBJECTIONS AS MOOT AND PARTIALLY ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This Fair Labor Standards Act case is referred for all pretrial matters to United States Magistrate Judge Zack Hawthorn.    On November 27, 2012, the Plaintiff, James Lee ("Lee"), filed a "Motion for Class Certification and Expedited Discovery" (Doc. No. 34) in which he requests that the Court (1) conditionally certify this matter as a collective action pursuant to 29 U.S.C. § 216(b), (2) authorize the mailing of notice and consent forms to potential class members, and (3) require the Defendant, Veolia ES Industrial Services, Inc. ("Veolia"), to produce verified information on all potential class members so that notice may be timely implemented.    On April 12, 2013, the magistrate judge entered his report (Doc. No. 45) recommending that the Court grant in part and deny in part Lee's motion.    Specifically, the magistrate judge found that Lee put forth facts showing that he is similarly situated to other current or former employees of Veolia, and recommended that the Court grant conditional certification under 29 U.S.C. § 216(b) for a class defined as follows:

> All current and former non-exempt employees of Veolia ES Industrial Services, Inc. who worked in a *non-routine* capacity in the positions of *technician*, *operator*, or *supervisor*, or were performing the job functions of a *non-routine technician*, *operator*, or *supervisor*, and who worked for Veolia ES Industrial Services, Inc. within the Port Arthur Division on or after March 19, 2009.

(Doc. No. 45, at 1–2.)    On April 26, 2013, Veolia filed objections to the report and

recommendation. (Doc. No. 47.) Lee did not file objections to the report and recommendation nor file a response to Veolia's objections.

Veolia did not object to the magistrate judge's overall recommendation that the Court grant conditional certification, order discovery of potential class members, and authorize notice to potential class members. Veolia only objected to the magistrate judge's recommendation that the conditional class include Veolia employees who held the position of supervisor. (Doc. No. 47, at 1.) Subsequently, the parties filed a Joint Stipulation that addresses Veolia's objections. (Doc. No. 50.) The parties agreed that the conditional class in this matter shall not include Veolia employees who held the position of supervisor. (Doc. No. 50.) This Stipulation is contrary to Lee's original indication that the conditional class should include supervisors, see generally (Doc. No. 40, at 3–11), and the magistrate judge's recommendation that the conditional class include supervisors (Doc. No. 45, at 1–2). In light of the parties' recent agreement on the sole point of objection to the magistrate judge's report and recommendation, the Court will partially adopt the report and recommendation of the magistrate judge such that conditional certification is granted as defined by the magistrate judge, with the exception that the conditional class will not include Veolia employees who held the position of supervisor. Based on the agreement of the parties, the Court will also overrule as moot Veolia's objection to the magistrate judge's report and recommendation.

Accordingly, it is **ORDERED** that Veolia's Objections (Doc. No. 47) are **OVERRULED AS MOOT**; the magistrate judge's Report and Recommendation (Doc. No. 45) is **ADOPTED** with the exception that the conditional class does not include Veolia employees who held the position of supervisor; Lee's Motion for Class Certification and Expedited Discovery (Doc. No.

34) is **GRANTED IN PART AND DENIED IN PART**; and conditional certification under 29

U.S.C. § 216(b) is granted for a class defined as follows:

> All current and former non-exempt employees of Veolia ES Industrial Services, Inc. who worked in a *non-routine* capacity in the positions of *technician* or *operator*, or were performing the job functions of a *non-routine technician* or *operator*, and who worked for Veolia ES Industrial Services, Inc. within the Port Arthur Division on or after March 19, 2009.

As stipulated by the parties, individuals who held the position of supervisor that have

previously filed opt-in forms prior to the date of this Order may remain parties to this action at this

time. Veolia may file a Motion for Decertification of the Class by September 21, 2013.

Veolia is **ORDERED** to provide Lee, under oath, the full names, periods of employment,

positions of employment, mailing addresses, telephone numbers, and dates of birth of all potential

class members by May 28, 2013.

Lee is **ORDERED** to mail the notice and consent form attached to this Order to all

potential class members by June 7, 2013.

So **ORDERED** and **SIGNED** this **23** day of **May, 2013.**

_____
Ron Clark, United States District Judge

# If you were employed by Veolia ES Industrial Services, Inc., a collective action lawsuit may affect your rights.

### *A court authorized this notice. This is not a solicitation from a lawyer.*

- Employees have sued Veolia ES Industrial Services, Inc. (referred to in this notice as "Veolia") claiming Veolia failed to pay its hourly employees regular and overtime wages as required by law. Veolia denies these claims.

- The Court has allowed the lawsuit to be conditionally certified as a collective action on behalf of certain employees affected by Veolia's policies.

- The Court has not decided whether Veolia did anything wrong.

- There is no money available now, and there is no guarantee there will be. However, your legal rights are affected and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **ASK TO BE INCLUDED BY SEPTEMBER 5, 2013** | **Join this lawsuit. Await the outcome. Give up certain rights.**<br><br>By joining, you keep the possibility of getting money or benefits that may come from a trial or settlement. But, you give up any rights to sue Veolia separately about the same legal claims in this lawsuit. You may also be required to respond to written questions, give a deposition, produce documents, and/or testify at trial. |
| **DO NOTHING** | **Do nothing. Get no benefits from it. Keep rights.**<br><br>If you do nothing and money or benefits are later awarded, you will not share in those. But you keep any rights to sue Veolia separately about the same legal claims in this lawsuit. |

- Your options are explained in this notice. **To be included, you must act before September 5, 2013**. If you do not join, you risk losing any recovery for any time you worked over the past three years.

- Lawyers must prove the claims against Veolia at a trial to be set at a later date. If money or benefits are obtained from Veolia, you will be notified about how to ask for a share.

- **Any questions? Read on.**

<div style="border: 1px solid black; text-align: center;">

# WHAT THIS NOTICE CONTAINS

</div>

**BASIC INFORMATION**...........................................................................................................3

    Why did I get this Notice? ............................................................................................3

    Has the Court decided who is right?..............................................................................3

    What is this lawsuit about? ...........................................................................................3

    What is a collective action and who is involved?...........................................................3

    Why is this lawsuit a collective action?.........................................................................4

**THE CLAIMS IN THE LAWSUIT** ...........................................................................................4

    What does this lawsuit complain about?........................................................................4

    How does Veolia answer?..............................................................................................4

    What is the Plaintiff asking for? ...................................................................................4

    Is there any money available now?................................................................................4

**WHO IS IN THE CLASS** ......................................................................................................5

    Am I part of this Class? ................................................................................................5

    Which current and former employees are included? .......................................................5

    I'm still not sure if I'm included. ..................................................................................5

**YOUR RIGHTS AND OPTIONS**.............................................................................................5

    How do I join the lawsuit?.............................................................................................5

    Why would I want to be excluded from the lawsuit? ......................................................6

    What should I do if I decide not to participate in this lawsuit? .......................................6

    If I join this lawsuit, can Veolia retaliate against me?....................................................6

**THE LAWYERS REPRESENTING YOU** .................................................................................7

    Do I have a lawyer in this case?....................................................................................7

    Should I get my own lawyer? .......................................................................................7

    How will the lawyers be paid?......................................................................................7

**THE TRIAL** ......................................................................................................................7

    How and when will the Court decide who is right?.........................................................7

    Do I have to come to the trial?......................................................................................7

    Will I get money after the trial?....................................................................................8

**GETTING MORE INFORMATION** .........................................................................................8

    Are more details available?...........................................................................................8

---

### 1.  Why did I get this notice?

Veolia's records show that you currently work, or previously worked, for Veolia.  This notice explains that the Court has allowed, or "certified," a collective action lawsuit that may affect you.  You have legal rights and options that you may exercise before the Court holds a trial.  The trial is to decide whether the claims being made against Veolia are correct.  District Judge Ron Clark of the United States District Court for the Eastern District of Texas is overseeing this collective action.  The lawsuit is known as *James Lee, et al. v. Veolia ES Industrial Services, Inc.*, No. 1:12-CV-00136 (E.D. Tex. filed March. 19, 2012).  The Plaintiffs are represented by the law firm of MOORE & ASSOCIATES (attorney in charge, Melissa Moore), 440 Louisiana Street, Suite 675, Houston, Texas 77002.  The Defendant is represented by the law firm of FULBRIGHT & JAWORSKI (attorney in charge, M. Carter Crow), 1301 McKinney, Suite 5100, Houston, Texas 77010.

---

### 2.  Has the Court decided who is right?

The Court has not decided whether Veolia or the Plaintiff is correct.  By establishing the Class and issuing this Notice, the Court is not suggesting that the Plaintiff will win or lose this case.  The Plaintiff must prove their claims at a trial to be set at a later date.  (See "The Trial" below on page 7.)

---

### 3.  What is this lawsuit about?

This lawsuit is about whether Veolia failed to pay its hourly employees for all hours worked at the minimum wage and also failed to pay them overtime wages as required by law.  Veolia denies these claims.  More information about federal wage and hour laws can be found at the website of the U.S. Department of Labor, www.dol.gov.

---

### 4.  What is a collective action and who is involved?

In a collective action lawsuit, one or more people called "Class Representatives" (in this case James Lee) sue on behalf of other people who have similar claims.  The people together are a "Class" or "Class Members."  The people who sued—and all the Class Members like them—are called the Plaintiffs.  The company they sued (in this case Veolia ES Industrial Services, Inc.) is called the Defendant.  One court resolves the issues for everyone who chooses to join the Class.

## 5. Why is this lawsuit a collective action?

The Court conditionally decided that this lawsuit can be a collective action and move towards a trial because it meets the requirements of a collective action under the Fair Labor Standards Act of 1938. Specifically, the Court found that there was sufficient evidence to demonstrate that certain employees of Veolia held the same or similar job titles, shared substantially the same duties, and were subject to the same pay practices.

More information about why the Court is allowing this lawsuit to be a collective action is in the Court's Order Certifying the Class, which is available by calling 1-877-223-6775.

## THE CLAIMS IN THE LAWSUIT

## 6. What does this lawsuit complain about?

In the lawsuit, the Plaintiff says that Veolia failed to pay its hourly employees regular and overtime wages as required by law. You can learn more about the Plaintiff's claims by reading the Original Complaint, which is available by calling 1-877-223-6775.

## 7. How does Veolia answer?

Veolia denies that it did anything wrong. Veolia's Answer to the Complaint is available by calling 1-877-223-6775.

## 8. What is the Plaintiff asking for?

The Plaintiff wants his unpaid wages, monetary damages, and attorneys' fees.

## 9. Is there any money available now?

No money or benefits are available now because the Court has not yet decided whether Veolia did anything wrong, and the two sides have not settled the case. There is no guarantee that money or benefits ever will be obtained. If they are, you will be notified about how to ask for a share. In the event that you receive money as a result of this action, you may be obligated to amend any tax return filed for the period in question.

# WHO IS IN THE CLASS

You need to decide whether you are affected by this lawsuit.

| 10. Am I part of this Class? |
|---|

District Judge Ron Clark decided that all current and former non-exempt employees of Veolia ES Industrial Services, Inc. who worked in a *non-routine* capacity in the positions of *Technician* or *Operator*, or were performing the job functions of a *non-routine Technician* or *Operator*, and who worked for Veolia ES Industrial Services, Inc. within the Port Arthur Division on or after March 19, 2009, are Class Members.

| 11. Which current and former employees are included? |
|---|

Former employees are in the Class as long as they (1) were employed by Veolia as a non-exempt employee, (2) worked in a *non-routine* capacity in the positions of *Technician* or *Operator*, or were performing the job functions of a *non-routine Technician* or *Operator*, and (3) worked in this capacity on or after March 19, 2009. **Even if you are a current employee—you are included.**

| 12. I'm still not sure if I'm included. |
|---|

If you are still not sure whether you are included, you can get free help by calling 1-877-223-6775 or writing to the lawyers in this case, at the addresses listed in Question 23.

# YOUR RIGHTS AND OPTIONS

**You have to decide whether to join the Class or not to participate before the trial, and you have to decide this now.**

| 13. How do I join the lawsuit? |
|---|

You have to fill out the enclosed form and mail it in the enclosed postage prepaid envelope if you want the possibility of getting money or benefits from this lawsuit. **The form must be postmarked by September 5, 2013**.

By filling out and mailing the form you are joining the Class. Your right to participate will ultimately depend on a decision by the Court that you and the Plaintiff are "similarly situated." If you join the class, you may also be required to respond to written questions, give a deposition, produce documents, and/or testify at trial.

If you join and the Plaintiff obtains money or benefits, either as a result of the trial or a settlement, you will be notified about how to apply for a share. Keep in mind that if you join the class, regardless of whether the Plaintiff wins or loses the trial, you will not be able to sue, or

continue to sue, Veolia—as part of any other lawsuit—about the same legal claims that are the subject of this lawsuit. This means that if you join the lawsuit, you will be legally bound by all of the orders the Court issues and judgments the Court makes in this collective action.

Please note that the statute of limitations for overtime claims is no more than three years (and in some cases two years) back from the date that you file the enclosed form. That means that any wages owed to you more than two or three years before the enclosed form is actually filed could potentially be timebarred. **Therefore, if you wish to join the lawsuit, you should not delay in returning the enclosed form as the statute of limitations continues to run on your potential wage claims.**

---

**14. Why would I want to be excluded from the lawsuit?**

---

If you already have your own unpaid wage lawsuit against Veolia and want to continue with it, you should not join the lawsuit. If you do not join the lawsuit, you won't get any money or benefits from this lawsuit even if the Plaintiff obtains them as a result of the trial or from any settlement (that may or may not be reached) between Veolia and the Plaintiff. However, you may then be able to sue or continue to sue Veolia for unpaid wages. If you do not join the lawsuit, you will not be legally bound by the Court's judgments in this collective action.

If you start your own lawsuit against Veolia, you'll have to secure your own lawyer for that lawsuit, and you'll have to prove your claims. **If you choose not to join the Class so you can start or continue your own lawsuit against Veolia, you should talk to your own lawyer soon because your claims may be subject to the statute of limitations.**

Note that if you do not join this lawsuit and you are currently employed by Veolia, any changes made to Veolia's policies about the payment of wages would still apply to you.

---

**15. What should I do if I decide not to participate in this lawsuit?**

---

If you decide not to participate in this lawsuit, you do not need to do anything.

---

**16. If I join this lawsuit, can Veolia retaliate against me?**

---

It is unlawful for any employer to retaliate, in any way, against its employees for trying to recover unpaid wages or unpaid overtime wages. If you believe that you are being retaliated against for joining this lawsuit call 1-877-223-6775 immediately and ask to speak to an attorney.

## THE LAWYERS REPRESENTING YOU

---

**17. Do I have a lawyer in this case?**

---

If you decide to participate in this case, the law firm of MOORE & ASSOCIATES, of Houston, Texas will represent you and all Class Members. The law firm is called "Class Counsel." Class counsel is experienced in handling similar cases against other employers. More information about MOORE & ASSOCIATES, its practices, and its lawyers' experience is available at www.mooreandassociates.net or by calling 1-877-223-6775.

---

**18. Should I get my own lawyer?**

---

If you choose to participate in this lawsuit, you do not need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you will have to pay that lawyer. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

---

**19. How will the lawyers be paid?**

---

If Class Counsel gets money or benefits for the Class, they may ask the Court for fees and expenses. You won't have to pay these fees and expenses. If the Court grants Class Counsel's request, the fees and expenses would be either deducted from any money obtained for the Class or paid separately by Veolia.

## THE TRIAL

The Court will schedule a trial to decide who is right in this case.

---

**20. How and when will the Court decide who is right?**

---

As long as the case isn't resolved by a settlement or otherwise, Class Counsel will have to prove the Plaintiff's claims at a trial. The trial is set for a later date in the United States District Court for the Eastern District of Texas, located at 300 Willow Street, Beaumont Texas, in Judge Ron Clark's Courtroom. During the trial, a jury or the Judge will hear all of the evidence to help them reach a decision about whether the Plaintiff or Defendant are right about the claims in the lawsuit. There is no guarantee that the Plaintiff will win, or that they will get any money for the Class.

---

**21. Do I have to come to the trial?**

---

Unless otherwise told, you do not need to attend the trial. Class Counsel will present the case for the Plaintiff, and Veolia will present the defenses. You or your own lawyer are welcome to come at your own expense.

**22. Will I get money after the trial?**

If the Plaintiff obtains money or benefits as a result of the trial or a settlement, you will be notified about how to participate. We do not know how long this will take.

## GETTING MORE INFORMATION

**23. Are more details available?**

If you need more information, you may contact the attorneys listed below. They can provide you with copies of the Court's Order Certifying the Class, the Complaint that the Plaintiff submitted, and the Defendant's Answer to the Complaint.

<table>
<tr><td>MOORE & ASSOCIATES</td><td>FULBRIGHT & JAWORSKI</td></tr>
<tr><td>Melissa Moore</td><td>M. Carter Crow</td></tr>
<tr><td>440 Louisiana St., Ste. 675</td><td>1301 McKinney, Suite 5100,</td></tr>
<tr><td>Houston, TX 77002</td><td>Houston, Texas 77010</td></tr>
<tr><td>713-222-6775</td><td>713-651-5151</td></tr>
<tr><td><em>Attorney for Plaintiff</em></td><td><em>Attorney for Veolia</em></td></tr>
</table>

DATE: June 7, 2013

# CONSENT TO OPT-IN AND JOIN COLLECTIVE ACTION

Fair Labor Standards Act of 1938
29 U.S.C. § 216(b)

Pursuant to section 216(b) of the Fair Labor Standards Act, I hereby consent to opt-in and take part in a collective action lawsuit styled *James Lee, et al. v. Veolia ES Industrial Services, Inc.*, No. 1:12-cv-00136 (E.D. Tex. filed March. 19, 2012). I elect to join this lawsuit in order to recover unpaid wages, overtime wages and other sums which may be owed to me and other similarly situated current or former employees of Veolia under the FLSA and any other applicable federal and state law. *See* 29 U.S.C. §§ 201-219. I authorize the law firm MOORE & ASSOCIATES to pursue any claims I may have in this lawsuit relating to unpaid wages, including such litigation as may be necessary. I consent, agree and elect to become a claimant and to be bound by any judgment or settlement of this action. I acknowledge that by joining this lawsuit, I may have to respond to written questions, give a deposition, produce documents, and/or testify at trial.


| | |
|---|---|
| Signature | Date Signed |

| |
|---|
| Printed Name |

| | |
|---|---|
| Street Address | City        State      Zip |

| | |
|---|---|
| Telephone Number | Email Address |


NOTE: To join this claim, you must complete this consent form, sign where indicated, and mail it to Class Counsel in the enclosed envelope at the following address:

> Melissa A. Moore
> MOORE & ASSOCIATES
> Lyric Center
> 440 Louisiana Street, Suite 675
> Houston, Texas 77002
> Telephone: (713) 222-6775
> Fax: (713) 222-6739

## ***IMPORTANT NOTES***

*In order to ensure that your rights are fully protected against the statute of limitations, it is critical that you sign and return this consent form as soon as possible.*

## *SIGNED FORM MUST BE POSTMARKED BY SEPTEMBER 5, 2013*

# CORRECTION OF NAME OR ADDRESS INFORMATION

I wish to correct my name and/or mailing address information to the following:

Name: _____

Street and Apt. No., if any: _____

City, State and Zip Code: _____

My birthday is _____  _____,  _____
(For verification purposes only)

I understand that all future correspondence in this matter, including but not necessarily limited to important notices or payments to which I am entitled (if any), will be sent to the address listed above and not to the address previously provided.  I hereby request and consent to the use of the address listed above for these purposes.

DATED: _____, 2013

Submitted by: _____

PLEASE RETURN THIS FORM VIA UNITED STATES MAIL TO:
(You may use the enclosed stamped envelope)

Melissa A. Moore
MOORE & ASSOCIATES
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas  77002

***THIS FORM MUST BE POSTMARKED BY SEPTEMBER 5, 2013
TO CHANGE YOUR ADDRESS***